IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Case No. 4:05cv00693 (DSD)

R.S. McCullough,

       Plaintiff,

v.                                                        **ORDER**

Stark Ligon, in his capacity
of Executive Director of
Arkansas Committee on Professional
Conduct, J. Michael Cogbill, in
capacity as Chairman of APCC Panel,
State of Arkansas,

       Defendants.

This matter is before the court upon plaintiff's motion for injunctive relief and defendants' two motions to dismiss. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), denies defendants' other motion to dismiss as moot and denies plaintiff's motion.

**BACKGROUND**

Plaintiff R.S. McCullough was a licensed attorney in Arkansas. On December 30, 2004, defendant Stark Ligon, Executive Director of the Arkansas Supreme Court Committee on Professional Conduct ("Committee"), filed a petition for plaintiff's disbarment. On February 18, 2005, a panel of the Committee held a hearing on

Ligon's petition.  Plaintiff was present and made arguments to the Committee panel, for which defendant J. Michael Cogbill served as chairman.  When the hearing concluded, the Committee decided to initiate disbarment proceedings against plaintiff and to suspend his law license in the interim.

On May 6, 2005, plaintiff filed this action and moved for a preliminary injunction against the Committee's February 18, 2005, decision and against further disciplinary proceedings.  Plaintiff claims that defendants Ligon, Cogbill and the State of Arkansas violated his rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and the Americans with Disabilities Act.  Defendants responded to plaintiff's motion on August 12, 2005.[1]  On August 29, 2005, defendants moved to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff failed to respond to both defendants' opposition to his motion and their motion for dismissal.  As a result, defendants filed on November 10, 2005, a supplemental motion to dismiss pursuant to Rule 41(b) for failure to prosecute.  On November 16, 2005, the court ordered plaintiff to

---

[1] Defendants apparently did not become aware of the lawsuit until August 8, 2005, because plaintiff had not served them.

file his response to defendants' motions by December 1, 2005. Plaintiff filed a response by December 1.[2]

**DISCUSSION**

A complaint may be dismissed for failing to state a claim upon which relief may be granted if, after taking all facts alleged as true and drawing all reasonable inferences in favor of the non-moving party, the court finds no possible set of facts under which plaintiff would be entitled to relief.  See Fed. R. Civ. P. 12(b)(6); Haberthur v. City of Raymore, 119 F.3d 720, 723 (8th Cir. 1997).  Defendants argue that plaintiff's complaint is subject to dismissal based on sovereign and absolute immunity, the Rooker-Feldman doctrine, the Younger abstention doctrine, the Colorado River abstention doctrine and the Pullman abstention doctrine. Plaintiff summarily disagrees with defendants' arguments, but does not set forth any authority to support his position.

The court will first address defendants' argument concerning the Rooker-Feldman doctrine.  Under the doctrine, lower federal courts lack subject matter jurisdiction to review state court judgments. Prince v. Ark. Bd. of Exam'rs in Psychology, 380 F.3d 337, 340 (8th Cir. 2004).  In particular, federal courts cannot hear cases brought by non-prevailing parties in state court

---

[2] Because plaintiff filed a response, defendants' motion to dismiss for failure to prosecute is now moot.

proceedings who allege "'injury caused by the state-court judgment and seek[] review and rejection of that judgment.'" Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1526 (2005)). A decision by the Committee to discipline an attorney "is the functional equivalent of a state-court judgment." Id. at 931-32 (citing Thomas v. Kadish, 748 F.2d 276, 281-82 (5th Cir. 1984)).

Here, plaintiff asks the court to review the Committee's decision to impose an interim suspension on his license. However, this court does not have subject matter jurisdiction to review that decision because it amounts to a state court judgment. Therefore, dismissal is warranted as to plaintiff's claims concerning the interim suspension.

To the extent that plaintiff seeks an injunction against his ongoing disciplinary matter, the Younger abstention doctrine applies. See Mosby, 418 F.3d at 934 n.3 (abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), must be considered if ongoing attorney disciplinary matter is challenged). Based on concerns for comity and federalism, the Younger abstention doctrine provides that a federal court should refrain from enjoining pending state proceedings in which important state interests are involved. Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626-27 (1986). Proceedings that involve important state interests include "lawyer disciplinary proceedings initiated by

state ethics committees if the proceedings are within the appellate jurisdiction of the appropriate State Supreme Court." Id. at 627 (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)).  However, a federal court should not abstain under Younger if bad faith, harassment or some other extraordinary circumstance in the state proceedings would make abstention inappropriate.  See Middlesex, 457 U.S. at 437; Aaron v. Target Corp., 357 F.3d 768, 778-79 (8th Cir. 2004).

Here, it is undisputed that the disciplinary proceedings against plaintiff were initiated by the Arkansas state ethics committee and fall within the appellate jurisdiction of the Arkansas Supreme Court.  As a result, the Younger abstention doctrine applies to plaintiff's claims.  Perhaps relating to a potential exception to the doctrine, plaintiff summarily alleges that the disciplinary proceedings are without merit and resulted from unlawful discrimination, among other things.  However, he does not allege any facts to support the application of a bad faith, harassment or extraordinary circumstance exception to Younger abstention. See Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004) (when considering motion to dismiss, court may "ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").  Therefore, the court finds that Younger abstention is appropriate as to plaintiff's claims against the pending

disciplinary proceedings. For all of the above reasons, plaintiff's action must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for injunctive relief [Docket No. 2] is denied.

2.   Defendants' motion to dismiss [Docket No. 28] pursuant to Rule 12(b)(6) is granted.

3.   Defendants' supplemental motion to dismiss [Docket No. 30] pursuant to Rule 41(b) is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 23, 2005

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court